# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Juana Melgoza<br>1733 Florine Blvd.<br>St. Charles, MO 63303<br><br>      Plaintiff,<br><br>v.<br><br>GC Services, Limited Partnership<br>c/o CT Corporation System,<br>Registered Agent<br>120 South Central Ave.<br>Clayton, MO 63105<br><br>      Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around January 2008, Plaintiff informed Defendant that Plaintiff did not wish to receive Defendant's telephone calls at her place of employment and provided an alternative phone number for Defendant to reach Plaintiff.

10. Despite this notice, Defendant telephoned Plaintiff at her place of employment on numerous occasions between January and February 2008.

11. Between January and February 2008, Plaintiff also telephoned Plaintiff's boyfriend ("Boyfriend") on numerous occasions in an effort to collect the debt, despite having Plaintiff's location information.

12. On or around February 13, 2008, Defendant telephoned Boyfriend in an effort to collect the debt.

13. During this communication, Boyfriend informed Defendant that Plaintiff had retained an attorney to file bankruptcy and provided the law firm's contact information.

14. Defendant responded by threatening to prevent Plaintiff from filing bankruptcy.

15. During this communication, Defendant continued to harass Boyfriend regarding Plaintiff's debt and refused to end the communication with Boyfriend.

16. On or around February 13, 2008, Defendant again telephoned Plaintiff at her place of employment.

17. During this communication, Plaintiff informed Defendant that Plaintiff was represented by an attorney for bankruptcy and again asked Defendant to stop calling Plaintiff at work.

18. Defendant ignored Plaintiff's request and responded that Defendant would contact Plaintiff's Human Resources department for additional information.

19. Plaintiff then began to reiterate Plaintiff's law firm's contact information, and Defendant abruptly hung up the telephone.

20. On or around February 14, 2008, Defendant again telephoned Plaintiff at her place of employment.

21. As a result of Defendant's repeated calls to Plaintiff's place of employment, Plaintiff believed that her employer had ascertained that Plaintiff was being called by a debt collector.

22. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive Defendant's phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

### COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

### COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

### COUNT SIX

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

### JURY DEMAND

36. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

37. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

                      RESPECTFULLY SUBMITTED,

                      By: /s/ Timothy J. Sostrin
                          Timothy J. Sostrin, Reg. # 1592956
                          Attorney for Plaintiff
                          LEGAL HELPERS, P.C.
                          233 S. Wacker
                          Sears Tower, Suite 5150
                          Chicago, IL 60606
                          Telephone:  312-753-7576
                          Fax: 312-822-1064
                          Email:  tjs@legalhelpers.com